FILED
November 18, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CITIGROUP MORTGAGE LOAN TRUST 2021-RP5, § § § § Plaintiff, § v. § OLIVIA RODRIGUEZ, MICHAEL § GARCIA, ANGELA GARCIA a/k/a § ANGELA MARTINEZ, ISABEL § GARCIA a/k/a ISABEL CANTU, § CARLOS MENDEZ, AMANDA § ALDACO, and MEGAN MENDEZ, § § Defendant. § | 5:25-CV-01126-MA |

**OPINION AND ORDER**

The Court now considers Plaintiff Citigroup Mortgage Loan Trust 2021-RP5 and Defendant Olivia Rodriguez's (collectively, the "Parties") Motion to Enter Agreed Judgment."[1] After considering the pleadings on file, the agreement of the Parties as reflected in the motion, and the relevant law, the Court **GRANTS** the Motion and **FINDS** that:

1. Citigroup Mortgage Loan Trust 2021-RP5 ("Plaintiff") is the current owner and holder of a certain *Note* in the principal amount of $38,000.00 (the "Note") executed by Rudolph S. Garcia and Janie H. Garcia ("Decedents" or "Borrowers"). Plaintiff is also the current beneficiary of the *Deed of Trust* executed by Borrowers and recorded in the official public records of Bexar County, Texas, as Document No. 2000-0196827. The Deed of Trust secures repayment of the Note and provides Plaintiff with a security interest that encumbers that certain real property commonly known as 439 Ward Avenue, San Antonio, Texas 78223 (the "Property"), and more particularly described as follows:

> **LOTS 21 AND 22, BLOCK 4, NEW CITY BLOCK 6396, DELLERMAN COURT, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT**

---

[1] Dkt. No. 14.

**THEREOF RECORDED IN VOLUME 642, PAGE(S) 58, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS, SAVE AND EXCEPT THAT 0.0485 ACRE PORTION OUT OF LOT 21 SOLD TO THE STATE HIGHWAY COMMISSION IN CONTROLLED ACCESS HIGHWAY FACILITY DEED RECORDED IN VOLUME 5249, PAGE 36, DEED RECORDS OF BEXAR COUNTY, TEXAS, AND SAVE AND EXCEPT THAT 0.1041 ACRE PORTION OUT OF LOT 22 SOLD TO THE STAT EHIGHWAY COMMISSION IN CONTROLLED ACCESS HIGHWAY FACILITY DEED RECORDED IN VOLUME 4933, PAGE 63, DEED RECORDS OF BEXAR COUNTY.**

2. On or about September 9, 2023, Janie H. Garcia passed away. Rudolph S. Garcia passed away on or about July 1, 2024. Pursuant to Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all their interests in the Property immediately upon their respective deaths, subject to the Loan Agreement debt owed to Plaintiff.

3. Olivia Rodriguez ("Defendant") is an heir at law and daughter of deceased Borrower Rudolph S. Garcia. Defendant hereby stipulates that she disclaims her interest, if any, in the Property at issue in this lawsuit and will not claim any interest in the Property at any future time, except as provided herein. Additionally, Defendant understands that the Court may rely upon the contents of this Agreed Order in the adjudication of this matter.

4. The Parties agree that Defendant may claim excess proceeds after foreclosure of her interests in the Property, if any excess proceeds are available.

5. There is a default in payment or performance under the terms of the Note that is secured by Plaintiff's first lien Deed of Trust that encumbers the Property. Because of the default, Plaintiff is entitled to enforce the terms of the Deed of Trust against the Property.

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. Citigroup Mortgage Loan Trust 2021-RP5's claims against Olivia Rodriguez are **DISMISSED WITH PREJUDICE.**

2. Olivia Rodriguez has waived any interest in the Property and is barred from claiming any interest in the Property in the future.

3. Plaintiff, its successors and assigns, may enforce its lien on the Property by proceeding with non-judicial foreclosure of the Property, as provided in the Security Instrument and Texas Property Code § 51.002.

4. The successful bidder at the foreclosure sale shall be vested with title to the Property.

5. Defendant may claim excess proceeds if any are available after the foreclosure sale.

6. This agreed judgment provides declaratory relief with respect to the Property only, and is not a personal judgment for money damages or any other financial relief against Defendant. This judgment shall not be enforceable against Defendant personally.

7. Plaintiff's costs, expenses, and attorney's fees incurred in the prosecution of this lawsuit may be added as a charge to the Loan Agreement and added to the total payoff of the loan. Defendant shall bear their own costs, expenses, and attorney's fees. Plaintiff's fees and costs will be considered via post-judgment motion pursuant to Federal Rule of Civil Procedure 54.

This Agreed Judgment fully and finally resolves all claims between Plaintiff and Defendant Olivia Rodriguez. Plaintiff's claims against any remaining defendants survive this partial judgment.

IT IS SO ORDERED.

DONE this 18th day of November, 2025, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE